IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joselito Balicudiong-Asican,<br><br>   Petitioner,<br><br>vs.<br><br>Katrina S. Kane,<br><br>   Respondent. | No. CIV-09-00018-PHX-DGC (MHB)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DAVID G. CAMPBELL, U.S. DISTRICT JUDGE:

  On January 7, 2009, Petitioner Joselito Balicudiong-Asican filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that his detention in immigration custody after an order of removal is unconstitutional (Doc. #1). On March 12, 2009, Respondent filed a Response (Doc.# 12). Despite being given an opportunity to do so, Petitioner has not filed a Reply.

**BACKGROUND**

A. Proceedings through stay of removal.

  Respondent is a native and citizen of the Philippines, and was admitted to the United States as an immigrant on April 12, 1989. (Doc. #12, Exh. 1.) On August 24, 1998, Petitioner was convicted in the Superior Court, State of California, County of San Joaquin, for the offense of Terrorist Threats, in violation of section 422 of the California Penal Code and sentenced to sixty days in jail. (Doc. #12, Exh. 2.) Petitioner was subsequently

convicted in the same court, on January 6, 2004, of the crime of Assault by Means of Force, in violation of section 245(A)(2) of the California Penal Code, and of the crime of Inflict Corporal Injury on Spouse or Cohabitant, in violation of section 273.5(a) of the California Penal Code, and was sentenced to ninety days for these offenses.  (Doc. #12, Exh. 3.)

On April 17, 2007, the government issued a Notice to Appear (NTA) charging Petitioner with removability under Immigration & Nationality Act ("INA"), 8 U.S.C. §1227(a)(2)(A)(ii), an alien convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct and 8 U.S.C. §1227(a)(2)(E)(i), as an alien convicted of a crime of domestic violence.  (Doc. #12, Exh. 4.)  On June 11, 2007, the government served a Notice of Custody Determination, Form I-286 upon Petitioner detaining him without bond, because Petitioner is subject to mandatory detention pursuant to 8 U.S.C. 1226(c).  (Doc. #12, Exh. 5.)  On July 11, 2007, Petitioner appealed before an immigration judge ("IJ") for a bond hearing; the IJ found it had no jurisdiction to re-determine bond pursuant to INA §236.  (Doc. #12, Exh. 6.)

On February 22, 2008, the IJ ordered petitioner removed.  (Doc. #12, Exh. 7.)  On March 13, 2008, Petitioner filed a timely Notice of Appeal with the Board of Immigration Appeals.  (Doc. #12, Exh. 8.)  On May 16, 2008, the BIA affirmed the decision of the IJ. (Doc. #12, Exh. 9.)

On June 5, 2008, Petiitoner filed a Petition for Review ("PFR") with the Court of Appeals for the Ninth Circuit, arguing that the government violated his due process rights because of ineffective interpretation.  (Doc. #12, Exh. 10 at 4.)  On October 1, 2008, the Ninth Circuit granted a stay of removal.  (Doc. #12, Exh. 11, doc #7.)  That stay remains in effect.  <u>Asican v. Mukasey</u>, C.A. 08-72390.

B. <u>Proceedings after stay of removal.</u>

On September 8, 2008, Petitioner filed a request for a custody re-determination hearing pursuant to <u>Casas-Castrillon v. DHS</u>, 535 F.3d 942 (9th Cir. 2008).  (Doc. #12, Exh. 12.)  On September 12, 2008, Petitioner filed a motion to record the bond proceedings pursuant to <u>Casas-Castrillon</u>.  (Doc. #12, Exh. 13.)

1 | On October 22, 2008, the government provided Petitioner with a Custody Status Review letter evaluating his custody status under INA 236(a), pursuant to Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008) and Casas-Castrillon, finding Petitioner to be a danger and declining to set bond. (Doc. #12, Exh. 14.)

On December 9, 2008, the IJ held a new custody re-determination hearing, and after considering the representations of ICE and Petitioner denied relief, finding Petitioner to be a danger to the community and a flight risk. (Doc. #12, Exh. 15.) Both parties waived appeal. (Id.)

**ARGUMENT**

A. Petitioner's request for release or bond.

Petitioner alleges that he "continues to be detained by the Bureau of Immigration and Customs Enforcement indefinitely despite not being classified or categorized as a person subject to mandatory detention under U.S.C. §1226(a) or U.S.C. §1226(c)." (Doc. #1 at 5.) Petitioner requested a bond hearing pursuant to Casas-Castrillon on August 9, 2008 (Doc. #12, Exh. 12). A custody status review was performed by an ICE deportation officer on October 22, 2008, who concluded as follows:

> Based on your criminal history noted above, you have failed to establish that you would not be a danger to the community. In addition, if your PFR is ultimately unsuccessful, your removal is reasonably foreseeable in that ICE is able to effectuate removals to the Philippines, and there are no known impediments to removal at this time. Thus, in light of the above, I have determined, in my discretion, that you will not be released from the custody of ICE at this time.

In bond proceedings held on December 9, 2008, an IJ denied Petitioner's request for change in custody status after considering ICE's conclusion and Petitioner's representation, finding that Petitioner should be detained as a danger and flight risk. (Doc. #12, Exh.15.) Petitioner waived appeal of that decision to the BIA. (Id.) Petitioner is not entitled to review of that discretionary decision by this Court. Detention of aliens awaiting judicial review of their removal orders is governed by 8 U.S.C. 1226(a). Casas-Castrillon, 535 F.3d at 948. That section of the INA provides that:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No Court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation or denial of bond or parole.

The court in Casas-Castrillon construed 8 U.S.C. §1226(a) as "*requiring* the Attorney General to provide the alien" with an "individualized determination of his dangerousness or flight risk. . . ." Casas-Castrillon, 535 F.3d at 951 (emphasis in original). The court has not extended this right to custody review to judicial review of the discretionary determination. In any event, Petitioner has not raised a constitutional defect in the bond proceedings, and has not claimed that he was not afforded an "individualized determination of the governmental interest in his continued detention by a neutral decisionmaker." Prieto-Romero, 534 F.3d at 1066. The record reflects that he was provided a bond hearing on December 4, 2008. The IJ denied his request for change in status. He was also afforded the opportunity to appeal that decision to the BIA, and elected not to do so. For these reasons, his request for release on bond should be denied.

B. Petitioner's claim that his continued detention is unlawful.

Petitioner argues that his continued detention is unlawful because it is "indefinite" in that his removal is not significantly likely to occur in the reasonably foreseeable future. (Doc. #1 at 4.) Petitioner has been in INS custody now for just over two years. The IJ's Order of Removal has been stayed, pursuant to Petitioner's request, by the Ninth Circuit Court of Appeals. In a recent Ninth Circuit decision, the court held, in facts almost identical to the facts of Petitioner's case, that 8 U.S.C. §1226(a) authorized the continued detention of Prieto-Romero, a Mexican citizen seeking review of his removal order. Prieto-Romero v. Clark, 534 F.3d at 1063-64. The court refused to read Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2005) to hold that an alien's removal is not "reasonably foreseeable" simply because the exact date his detention will conclude is uncertain. Prieto-Romero, 534 F.3d at 1064. Rather, the court found that Prieto-Romero's removal had been delayed by his decision to seek judicial review, and that review has a final termination point, and that Prieto–Romero's detention therefore was not indefinite. Id.

The court further rejected Prieto-Romero's contention that his detention was in violation of the constitutional concerns expressed in Zadvydas v. Davis, 533 U.S. 6787 (2001). In Zadvydas, the issue before the U.S. Supreme Court was whether or not aliens who had received a final order of removal could continue to be indefinitely detained under §1231(a)(6). Id. While Prieto-Romero, like Petitioner, was being detained under §1226(a), and not §1231(a)(6), the Ninth Circuit held that detention under either may not be indefinite. Prieto-Romero, 534 F.3d at 1062-63. Nevertheless, the court held that Prieto-Romero's continued detention was authorized:

> Although his removal has certainly been delayed by his pursuit of judicial review of his administratively final removal order, he is not stuck in a "removable-but-unremovable limbo," as the petitioners in *Zadyvdas* were. Here there is no evidence that Prieto-Romero is unremovable because the destination country will not accept him or his removal is barred by our own laws. To the contrary, the government introduced evidence showing that repatriations to Prieto-Romero's country of origin, Mexico, are routine and the government stands ready to remove Prieto-Romero as soon as judicial review is complete.

Id, at 1063 (internal citations omitted).

The court distinguished Zadyvdas further by noting that the removal of the aliens in that case was not reasonably foreseeable because no country would accept them. Id., at 1063-64. The court further placed the onus on the alien to demonstrate that he was unremovable in order for his detention to be considered indefinite. Id.; Diouf v. Mukasey, 542 F.3d 1222, (9th Cir. Sept. 18, 2008) (stating: "[i]n Prieto-Romero, [the Ninth Circuit] construed this [Zadvydas] language to require the alien to show that he would be unremovable even after the government defeated his petition for review." Petitioner has not demonstrated that he is unremovable. In the event the Ninth Circuit dismisses his Petition for Review, then ICE will complete its efforts to remove Petitioner to the Philippines. (Id.) Petitioner's continued detention is authorized.

///

1     **IT IS THEREFORE RECOMMENDED** that Joselito Balicudiong-Asican's Petition for Writ of Habeas Corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

    This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

    DATED this 13th day of August, 2009.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge